# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2057

_____

United States of America

*Plaintiff - Appellee*

v.

Justin Birdhorse

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Pierre

_____

Submitted: November 15, 2012
Filed: December 12, 2012

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

MURPHY, Circuit Judge.

Justin Birdhorse pled guilty to raping S.T. in violation of 18 U.S.C. § 2242(2). His plea agreement stated that the government would recommend a reduction in his offense level if he accepted responsibility for his crime during his presentence interview. The agreement also contained a provision waiving his right to appeal any non jurisdictional issue so long as his sentence was within the guideline range. Birdhorse made statements to the probation officer which caused the government to

argue at sentencing that he had not accepted responsibility and should therefore not receive the reduction to his guideline level. The district court[1] agreed and sentenced Birdhorse to 276 months after applying a vulnerable victim enhancement and a use of force adjustment without any reduction for acceptance of responsibility. Birdhorse appeals, and we affirm.

Birdhorse and S.T. are from Wakpala, South Dakota which is located within the Standing Rock Sioux Indian Reservation. S.T. lived there with her mother and her mother's boyfriend, whose son Birdhorse lived next door. Birdhorse frequently visited S.T.'s residence to see his father and to do laundry. After S.T. went to sleep in her bedroom around 1 a.m. on August 12, 2011, Birdhorse entered her house in an intoxicated state. He saw S.T. was asleep, then removed her pants and underwear, and began raping her. S.T. awoke and yelled "Get off me" and "No." She tried to push Birdhorse off and was able to escape to the bathroom. Birdhorse then left the house, and S.T. ran to a community center and called the police. A hospital examination revealed hickies on her neck, bruises on her forearms and right knee, and Birdhorse's DNA inside her vagina.

Birdhorse was indicted on two counts. Count I charged him with violating 18 U.S.C. § 2242(2) by knowingly engaging in a sexual act with a person who is incapable of appraising the nature of the conduct or was physically incapable of declining participation. Count II charged him with violating 18 U.S.C. § 2241(a) by knowingly causing a person to engage in a sexual act by use of force or threat.

Birdhorse initially denied that he had raped S.T.. Once confronted with all the evidence against him, however, he agreed to plead guilty to Count I. The government agreed in return to dismiss Count II. Birdhorse then admitted in a signed statement

---

[1] The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

of facts that he had entered S.T.'s room, removed her clothing as she slept, and raped her.

In a written plea agreement the government agreed to recommend a two level reduction for acceptance of responsibility, "provided no evidence is disclosed in the presentence report which indicates [Birdhorse] has not demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct." The plea agreement also required Birdhorse to 1) testify truthfully during his change of plea hearing; 2) participate truthfully with the probation officer in the presentence investigation; 3) and exhibit conduct consistent with acceptance of responsibility. In the written agreement Birdhorse also waived his right to appeal any non jurisdictional issues unless the court were to depart or vary from his guideline range.

At the change of plea hearing, Birdhorse affirmed the statement of facts that he had previously signed. The district court explained the plea agreement permitted him to appeal an upward departure or variance, both of which would allow for a sentence longer than that provided by the advisory sentencing guideline range. The court went on to inform Birdhorse that "the danger to you in that regard is that I will be deciding what the facts are. And based upon what I find the facts to be, I will decide what your advisory guideline range is." Birdhorse said he understood.

When interviewed by the probation officer compiling his presentence report (PSR), Birdhorse altered his account of the rape. Birdhorse now said he had been planning to leave S.T.'s house, but she told him "to stay," wanted to have sex with him, pulled him into her bedroom, and removed his clothes. He claimed he tried to get off S.T. but "she held onto him" and began screaming at him when he tried to leave. Birdhorse also "believed S.T. had been drinking alcohol, although he did not observe her drinking." When the probation officer asked why he had previously admitted to having had sexual intercourse with S.T. while she was asleep, he said that he had not wanted "to go to trial and risk being convicted of both Counts."

The PSR recommended a total offense level of 36 for Birdhorse, including a four level upward adjustment for the use of force and a two level vulnerable victim enhancement because S.T. had been asleep at the time of the sex act. Based on Birdhorse's interview, the probation officer recommended no reduction for acceptance of responsibility. Birdhorse raised objections to the use of force adjustment, the vulnerable victim enhancement, and the recommendation against an acceptance of responsibility reduction.

At the sentencing hearing the government argued, on the basis of Birdhorse's statements to the probation officer, against a reduction for acceptance of responsibility. Birdhorse responded that the court should apply the reduction because his plea and admissions had established his acceptance of responsibility. The district court adopted all of the recommendations in the PSR and calculated a guideline range of 235 to 293 months. Its calculation included adjustments for the use of force and a vulnerable victim. The district court declined to grant an acceptance of responsibility reduction because Birdhorse's statements to the probation officer were "completely contrary to what he told investigators earlier and what he admitted to me under oath when he pled guilty." Birdhorse was then sentenced to 276 months.

Birdhorse appeals his sentence, contending that the government violated the plea agreement by opposing an acceptance of responsibility reduction to the offense level. Since Birdhorse never objected in the district court that the government had breached its plea agreement, our review is for plain error. United States v. Martin, 583 F.3d 1068, 1074 (8th Cir. 2009). An error is plain when it has not been affirmatively waived by the defendant, or the error is "clear or obvious," "affect's the defendant's substantive rights," and the failure to remedy would "undermine the fairness, integrity, or public reputation of judicial proceedings." Id.

The plea agreement stated that the government would recommend a two level reduction for acceptance of responsibility "provided no evidence is disclosed in the

presentence report which indicates [Birdhorse] has not demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct." At sentencing the government did not recommend the two level reduction because the PSR indicated that Birdhorse had changed his version of the facts at his presentence interview with the probation officer. Birdhorse contends to the contrary that he had fully complied with the plea agreement because "at no time" after entering into it did he "deny that he was guilty." He states that did not deny responsibility for the crime at the presentence interview, but rather truthfully reflected his heavily intoxicated memory of the rape.

We see no plain error. The government's promised recommendation of a sentence reduction was contingent on Birdhorse demonstrating that he had accepted responsibility for his crime. Birdhorse undermined such a finding by claiming during his presentence interview that S.T. had been the aggressor and had screamed when he tried to leave. After reasonably concluding that Birdhorse had not accepted responsibility, the government did not breach its agreement by not seeking the two level reduction for acceptance. The district court found that Birdhorse's conduct was "not close to acceptance of responsibility" and adopted the PSR's recommendation not to apply the reduction. On this record, Birdhorse has not shown that the district court plainly erred by not finding that the government had breached the plea agreement.

Birdhorse additionally argues that the district court erred in calculating his sentence. He contends that the district court erred by adding an adjustment for the use of force and a vulnerable victim enhancement. The government notes that Birdhouse waived his right to appeal such issues in his plea agreement, preserving only his right to appeal a sentence above the guideline range. Since the district court did not sentence Birdhorse above the guideline range, he has waived his right to appeal such sentencing issues. A waiver is enforceable if the issue "falls within the scope of the waiver," was entered "knowingly and voluntarily," and enforcement of

the waiver will not cause a "miscarriage of justice." <u>United States v. Andis</u>, 333 F.3d 886, 890 (8th Cir. 2003) (en banc).

Birdhorse made his plea agreement knowingly and voluntarily. The district court questioned Birdhorse at the change of plea hearing and specifically explained that under the parties' agreement he would be unable to appeal its determination of the guideline range. <u>See</u> <u>id.</u>, at 890–91. We conclude that Birdhorse's waiver was valid and now prevents him from contesting the sentence or district court's calculation of the guideline range.

Accordingly, we affirm the judgment of the district court.

_____